(84 South. 258)

## ALABAMA POWER CO. v. JETT.
(7 Div. 996.)

(Supreme Court of Alabama. Nov. 27, 1919.)

1. STREET RAILROADS ⊕⟿111(3)—WHERE COMPLAINT SO ALLEGES, PLAINTIFF MUST PROVE THAT DECEDENT WAS STRUCK BY CAR.

.Where each count of the complaint expressly averred that plaintiff's intestate was injured by one of defendant's street cars, there can be no recovery without proof of such fact.

2. STREET RAILROADS ⊕⟿117(34) — EVIDENCE HELD TO SHOW AS MATTER OF LAW THAT PLAINTIFF'S INTESTATE WAS NOT STRUCK BY STREET CAR.

In an action for the death of plaintiff's intestate, whom it was claimed was struck by a street car, held, that defendant was entitled to a directed verdict; all of the evidence showing that the intestate was not struck by the street car, but fell beside it.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by Mrs. Arthur L. Jett, as administratrix, against the Alabama Power Company to recover damages for the alleged negligence or wanton misconduct of the defendant resulting in personal injuries to the plaintiff's intestate from which she died. Judgment for the · plaintiff, and the defendant appealed. Reversed and remanded.

Counts 1, 2, and 3 allege that the intestate was at the time a passenger or about to become a passenger on defendant's street car. Count 4 alleges simply that she was then rightfully on the street at a point where defendant's track was imbedded in the street. Counts 1, 3, and 4 are for simple negligence, and counts 2 and 5 are for wanton injuries. Counts 1, 2, 3, and 5 allege that defendant or its servants negligently caused or allowed or wantonly caused or allowed its car to injure plaintiff, and count 4 alleges that the intestate was so injured by one of defendant's street railway cars that she died. The cause was submitted to the jury on each of these counts, and as to each count separately and as to the complaint as a whole the defendant requested in writing the general affirmative charge which was severally refused.

The facts sufficiently appear from · the opinion.

Knox, Acker, Dixon & Sterne, of Anniston, for appellant. The defendant was entitled to the affirmative charge, on the theory that the evidence failed to disclose that the car injured intestate. 179 Ala. 339, 60 South. 815, Ann. Cas. 1915C, 888. The court erred in submitting to the jury the question of wantonness. 144 Ala. 322, 42 South. 45; 92 Ala. 272, 9 South. 230; 196 Ala. 134, 72 South. 67.

Ross Blackmon, of Anniston, for appellee. Counsel discuss the assignments of error in their order, but without any specific relations to the opinion in this case.

SOMERVILLE, J. [1] In each count of the complaint it is expressly averred that plaintiff's intestate was injured by one of defendant's cars. Without proof of that averment, there could be no recovery.

[2] The intestate, an aged woman, and physically infirm, was seen to step on the street car track a short distance in front of an approaching car, which she apparently had not observed. When she saw the car, then only six or eight feet away, and moving at a moderate speed, she was seen to throw up one hand, and then to reel and fall by the side of the track, just as the car ran alongside of her, about half its length.

No witness testified, directly or inferentially, that the car struck the woman or the umbrella which she had in her hand. On the other hand, the motorman and one Bagley (a witness for plaintiff), who saw the intestate fall, testified positively that the car did not strike. her. The intestate herself told the motorman immediately after her fall that the car did not strike her, and later on she told her attending physician, Dr. Williams, that it did not strike her.

Dr. Williams, who saw her· on the third day after her injury, and almost daily thereafter till her death about six weeeks later, and who examined her thoroughly and repeatedly, testified that "there was absolutely nothing to indicate that something moving, like a street car; had hit her," and, further, that "there was no mark on the lady whatever that could have been due to violence, except her left hip. There was no evidence of external injury other than falling to the ground, that I could find."

C. E. Groover, one of plaintiff's witnesses, testified that he saw the intestate "reel and fall," and that, after he "saw this lady wheel out of the way, the car checked and rolled up and stopped."

All of this testimony is convincing and conclusive, and finds no contradiction in the record, nor does counsel for plaintiff assert or point out any such contradiction.

We think the trial judge erred in refusing to give the affirmative instructions requested by defendant, and the judgment will be re-

⊕⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

versed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.